IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DELLA JUNGE,

    Plaintiff,

        vs.                     Civil Action No. 10-1033

WHEELING ISLAND GAMING, INC.,

    Defendant.

## MEMORANDUM OPINION

In this negligence case, Defendant Wheeling Island Gaming, Inc. ("Wheeling"), has filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2) (Docket No. 3), arguing in part that Plaintiff Della Junge cannot establish the Constitutional prerequisites which would allow this Court to exercise either specific or general jurisdiction over Defendant. We agree we do not have general jurisdiction over Defendant. Rather than dismiss the case outright, however, the Court will exercise its discretion and transfer this matter to the Northern District of West Virginia for further consideration.

1

I. **BACKGROUND**

A. <u>Factual History</u>[1]

On August 5, 2008, Plaintiff Della Junge, an 83-year old resident of Natrona Heights, Pennsylvania, visited a casino operated by Defendant in Wheeling, West Virginia. Ms. Junge was accompanied by her daughter, Carmen Kaminski. The women parked in a handicapped-accessible space in Defendant's parking lot which was connected to the gaming facility by a concrete pathway owned and maintained by Wheeling. Ms. Junge, who uses a four-wheeled walker for assistance, was walking along the pathway when the wheels of her walker became lodged in a gap in the concrete measuring approximately three inches wide, two inches deep, and spanning the entire width of the sidewalk. As a result, the walker tipped, causing Ms. Junge to fall to the ground, striking her head on the concrete, and with Ms. Kaminski landing on top of her.

Ms. Junge was helped at the scene by two Wheeling employees, a paramedic and a security guard. Although the paramedic did not recommend emergency care, the guard made a report of the incident. Ms. Junge returned home that evening feeling "disoriented, dazed and sore." The following morning, Ms. Kaminski discovered her mother "crawling around the house

---

[1] The facts in this section are taken solely from the Complaint.

with perceptible pain and extremely limited mobility." She sought immediate medical help for Ms. Junge, who was admitted to the hospital with congestive heart failure and injuries to her head and shoulder resulting from the fall.

B.  Procedural History

Plaintiff filed suit in this Court on August 5, 2010, alleging that Wheeling was negligent in failing to maintain the concrete walkways, particularly those used to provide access from handicap parking areas; to warn pedestrians to use extreme caution on the walkways; to routinely inspect the walkways; to establish a standard business practice or policy to ensure safe mobility of handicapped and elderly patrons using the handicap parking areas; and to repair the pathways in a timely manner. Ms. Junge sought damages for physical and mental injuries in the amount of $80,000.00.

On August 30, 2010, Defendant filed the now-pending motion to dismiss for lack of personal jurisdiction and subject matter jurisdiction. The parties having thoroughly briefed their positions, the motion is now ripe for decision.

## II. JURISDICTION AND VENUE

In her complaint, Plaintiff asserts jurisdiction in this Court on the basis of complete diversity of the parties and an amount in controversy in excess of $75,000.00. *See* 28 U.S.C. §

3

1332(a). The question of personal jurisdiction over Defendant is the focus of this Memorandum Opinion. Venue is appropriate in this district pursuant to 28 U.S.C. § 1391(a)(3) if we determine that this Court may constitutionally exercise personal jurisdiction over Wheeling.

### III. STANDARD OF REVIEW

Wheeling bases its motion to dismiss first on Federal Rule of Civil Procedure 12(b)(2), arguing that it does not have sufficient minimum contacts with the Commonwealth of Pennsylvania for this Court to exercise personal jurisdiction over it. Alternatively, Defendant argues, the matter should be dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction because the amount in controversy "plainly" does not meet the statutory minimum. We may not reach the second issue because we conclude this Court does not have personal jurisdiction over Defendant.

A motion pursuant to Rule 12(b)(2) "is inherently a matter which requires resolution of factual issues outside the pleadings." Time Share Vacation Club v. Atlantic Resorts, Ltd., 735 F.2d 61, 66, n.9 (3d Cir. 1984). When a defendant raises the question of whether the district court has personal jurisdiction over it, the plaintiff bears the burden of showing that jurisdiction exists. GE v. Deutz AG, 270 F.3d 144, 150 (3d

4

Cir. 2001); Mellon Bank (East) PSFS, Nat'l Ass'n v. Farino, 960 F.2d 1217, 1223 (3d Cir. 1992) ("Farino.") A plaintiff may meet this burden by "establishing with reasonable particularity sufficient contacts between the defendant and the forum state." Farino, 960 F.2d at 1223 (internal quotation omitted.) However, the plaintiff may not rest solely on her pleadings to satisfy this burden. Red Square Corp. v. Novik, Inc., CA No. 07-498, 2007 U.S. Dist. LEXIS 56217, *6 (W.D. Pa. Aug. 2, 2007), *citing* Carteret Sav. Bank, F.A. v. Shushan, 954 F.2d 141, 146 (3d Cir. 1992). "General averments in an unverified complaint or response without the support of 'sworn affidavits or other competent evidence' are insufficient to establish jurisdictional facts." Vector Security, Inc. v. Corum, CA No. 03-741, 2003 U.S. Dist. LEXIS 6573, *2 (E.D. Pa. Mar. 21, 2003), *quoting* Time Share Vacation Club, 735 F.2d at 66, n.9; *see also* Farino, id. Otherwise, for purposes of deciding the motion to dismiss, this Court must "accept the plaintiff's allegations as true, and. . .construe disputed facts in favor of the plaintiff." Toys "R" Us, Inc., v. Step Two, S.A., 318 F.3d 446, 457 (3d Cir. 2003) (citation omitted.)

If the plaintiff is successful in demonstrating that jurisdiction "comport[s] with fair play and substantial justice," the defendant must then "present a compelling case

that. . .render[s] jurisdiction unreasonable." Miller Yacht Sales, Inc. v. Smith, 384 F.3d 93, 97 (3d Cir. 2004), *quoting* Burger King Corp. v. Rudzewicz, 471 U.S. 462, 476-477 (1985). Determining if it is reasonable to exercise jurisdiction requires the court to consider several factors, e.g., "the burden on the defendant, the forum state's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief, the interest of the interstate judicial system in obtaining the most efficient resolution of controversies, and the shared interest of the several States in furthering fundamental substantive social policies." Burger King, 471 U.S. at 477; Farino, 960 F.2d at 1222.

## IV. LEGAL ANALYSIS

### A. Establishing Personal Jurisdiction over a Non-Resident Defendant

A court faced with the question of whether it may exercise personal jurisdiction over a non-resident defendant must begin with Rule 4(e) of the Federal Rules of Civil Procedure. Pursuant to Rule 4(e), a federal court may exercise such jurisdiction "to the extent permissible under the law of the state where the district court sits." Pennzoil Prods. Co. v. Colelli & Assocs., 149 F.3d 197, 200 (3d Cir. 1998) (citation omitted.) In turn, Pennsylvania's long-arm statute authorizes

6

the exercise of jurisdiction over a non-resident "to the fullest extent allowed under the Constitution of the United States." 42 Pa. Cons. Stat. Ann. § 5322(b);[2] see also O'Connor v. Sandy Lane Hotel, 496 F.3d 312, 316 (3d Cir. 2007), noting that Pennsylvania's long-arm statute "provides for jurisdiction based on the most minimum contact with the Commonwealth allowed under the Constitution of the United States" (internal citations omitted.) That is, as long as the requirements of the Due Process Clause of Fourteenth Amendment to the United States Constitution have been satisfied, jurisdiction will lie over non-resident defendants in Pennsylvania. Pennzoil Prods., id.

"Under the due process clause, a court may not exercise personal jurisdiction over a non-resident defendant unless there are certain minimum contacts between the defendant and the forum state." Time Share Vacation Club, 735 F.2d at 63, citing World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 292 (1978). The minimum contacts with the forum state must be "such that the maintenance of the suit does not offend traditional notions of

---

[2] EXERCISE OF FULL CONSTITUTIONAL POWER OVER NONRESIDENTS.-- In addition to the provisions of subsection (a) the jurisdiction of the tribunals of this Commonwealth shall extend to all persons who are not within the scope of section 5301 (relating to persons) to the fullest extent allowed under the Constitution of the United States and may be based on the most minimum contact with this Commonwealth allowed under the Constitution of the United States. 42 Pa. Cons. Stat. Ann. § 5322(b). Bases of personal jurisdiction over persons outside this Commonwealth.

fair play and substantial justice." Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (quotation marks and citations omitted.) Having minimum contacts, i.e., having purposefully directed his activities toward the residents of the state, provides "fair warning" to a defendant that he may be subject to suit in that forum. Burger King, 471 U.S. at 472 (internal citations and quotation omitted.)

The basic principles of due process are reflected in the two recognized types of personal jurisdiction -- general and specific. See Marten v. Godwin, 499 F.3d 290, 296 (3d Cir. 2007), citing Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414-415 (1984). As the United States Court of Appeals for the Third Circuit has recently noted,

> [g]eneral jurisdiction results from, among other things, "systematic and continuous" contact between a non-resident defendant and the forum state. General jurisdiction allows the forum state to exercise personal jurisdiction over non-resident defendants, even for non-forum-related activities. Specific jurisdiction allows for the exercise of personal jurisdiction over a non-resident defendant for actions arising out of the defendant's contact with the forum.

Spuglio v. Cabaret Lounge, No. 09-2195, 2009 U.S. App. LEXIS 20398, *3 (3d Cir. Sept. 14, 2009), citing Int'l Shoe, 326 U.S. at 320, and Farino, 960 F.2d at 1221.

General and specific jurisdiction are "analytically distinct categories, not two points on a sliding scale."

8

O'Connor, 496 F.3d at 321. In determining whether it has either general or specific jurisdiction over the non-resident defendant, a court must take "specific analytical steps." Pennzoil Prods., 149 F.3d at 200. The court first determines whether the defendant's contacts with the forum state are "systematic and continuous," i.e., sufficient to support general personal jurisdiction. Id.; *see also* Helicopteros, 466 U.S. at 414-415. "The threshold for establishing general jurisdiction is very high, and requires a showing of 'extensive and pervasive' facts demonstrating connections with the forum state." Componentone, LLC v. Componentart, Inc., CA No. 05-1122, 2007 U.S. Dist. LEXIS 18333, *5 (W.D. Pa. Mar. 12, 2007), *quoting* Reliance Steel Prods. Co. v. Watson, Ess, Marshall & Enggas, 675 F.2d 587, 589 (3d Cir. 1982); *see also* Provident Nat'l. Bank v. California Fed. Sav. & Loan Ass'n, 819 F.2d 434, 437 (3d Cir. 1987) ("[T]he plaintiff must show significantly more than mere minimum contacts to establish general jurisdiction.") In short, this higher threshold demands contacts with the forum which approximate physical presence. William Rosenstein & Sons Co. v. BBI Produce, Inc., 123 F. Supp.2d 268, 274 (M.D. Pa. 2000) (internal quotation omitted.)

Although Plaintiff argues that Wheeling is subject to both general and specific jurisdiction, it is clear from her

complaint that her injuries were incurred while she was patronizing Defendant's West Virginia business, and did not arise out of Wheeling's alleged contacts with Pennsylvania. She must therefore establish that Wheeling is subject to general jurisdiction in the Commonwealth. Spuglio, 2009 U.S. App. LEXIS 20398 at *4 (where injuries occurred at Cabaret Lounge in Massachusetts, they did not arise out of the defendant's alleged contacts with Pennsylvania and the plaintiff had to establish that the defendant was subject to general jurisdiction.)

As noted above, under the law of this Circuit, a plaintiff alleging jurisdiction "presents a prima facie case for the exercise of personal jurisdiction by establishing with reasonable particularity sufficient contacts between the defendant and the forum state." Farino, 960 F.2d at 1223 (citation and internal quotation marks omitted). This burden can only be satisfied through sworn affidavits or other evidence; reliance on the bare pleadings is not enough. Time Share Vacation Club, 735 F.2d at 67, n.9 ("at no point may a plaintiff rely on the bare pleadings alone in order to withstand a defendant's rule 12(b)(2) motion to dismiss for lack of in personam jurisdiction.") Here, Ms. Junge has provided no such affidavits or evidence.

10

B.  General Jurisdiction

In order for a court in Pennsylvania to exercise general jurisdiction over a corporation, the corporation must either (1) be incorporated in Pennsylvania or licensed as a foreign corporation in the Commonwealth; (2) consent to jurisdiction; or (3) carry on a "continuous and systematic part of its general business within this Commonwealth." 42 Pa. Cons. Stat. Ann. § 5301(a)(2). Wheeling has clearly not consented to jurisdiction and is neither incorporated nor licensed to do business as a foreign corporation in Pennsylvania. Ms. Junge offers no evidence to refute these facts.

As Plaintiff points out, federal courts sitting in Pennsylvania have identified a number of factors to be considered when determining the extent and strength of a defendant's contacts with the Commonwealth. In particular, courts consider if the defendant:

> is incorporated in or licensed to do business in Pennsylvania;
>
> has ever filed tax returns with the Commonwealth;
>
> files administrative reports with any Pennsylvania agency or department;
>
> regularly purchases products or supplies within Pennsylvania for use in its business outside of the state;

11

owns land or property within the state;

advertises in Pennsylvania; and/or

maintains an agent in Pennsylvania.

(Reply to Defendant's Motion to Dismiss, Doc. No. 5, "Plf.'s Reply," at 5, *citing* Gaylord v. Sheraton Ocean City Resort & Conference Ctr., CA No. 93-0463, 1993 U.S. Dist. LEXIS 5024, *10-*11 (E.D. Pa. Apr. 16, 1993); *see also* Wims v. Beach Terrace Motor Inn, Inc., 759 F.Supp. 264, 269 (E.D. Pa. 1991); ClubCom, Inc. v. Captive Media, Inc., CA No. 07-1462, 2008 U.S. Dist. LEXIS 38410, *12 (W.D. Pa. May 9, 2008); and Davis v. PNGI Charles Town Gaming, LLC, CA No. 07-2352, 2007 U.S. Dist. LEXIS 94381, *6-*7 (E.D. Pa. Dec. 28, 2007).

Ms. Junge argues that Wheeling's systematic and continuous contacts with Pennsylvania are demonstrated through:

> its extensive advertising on radio, television, billboards, newspapers, magazines and other media within the Commonwealth directed at Pennsylvania citizens;
>
> directly marketing through promotions and incentives to Pennsylvania citizens;
>
> the fact that Wheeling employs "a substantial number" of individuals who live in Pennsylvania;
>
> a contract with a claims administrative office located in Greensburg, Pennsylvania; and

"engaging in affairs" with a collective bargaining organization, the United Food and Commercial Workers Local 23, located in Canonsburg, Pennsylvania.

(Plf.'s Reply at 6.)

In its memorandum of law in support of the motion to dismiss for lack of personal jurisdiction (Doc. No. 4, "Def.'s Memo"), Wheeling presents the following facts, supported by an affidavit of Daniel Hancock, Director of Compliance at the Wheeling Island Hotel-Casino-Racetrack:

> Wheeling Island Gaming is incorporated in the State of Delaware with a corporate address in Buffalo, New York, and is licensed to do business and actually does business in Wheeling, West Virginia.
>
> Wheeling does not conduct any business in Pennsylvania; has never had offices or operations in the Commonwealth; does not have employees working in Pennsylvania; does not own real or personal property in Pennsylvania; and has never availed itself of the jurisdiction of the courts of the Commonwealth.
>
> Wheeling does engage in some advertising in Pennsylvania; has some employees who live in Pennsylvania; uses a claims administrator in Greensburg, Pennsylvania; and deals with a collective bargaining organization located in Canonsburg, Pennsylvania.

(Def.'s Memo at 3-4; *see also* Exhibit B thereto.)

We conclude that the contacts between Wheeling and Pennsylvania are insufficient to establish general jurisdiction over it. Beginning with Plaintiff's claims that Wheeling engages in extensive advertising directed at Pennsylvania

13

citizens and directly markets to them through promotions and incentives, "courts in this judicial district have consistently held that advertisements and solicitations. . .are not, by themselves, substantial enough to meet the high standard for the exercise of general personal jurisdiction." Feldman v. Bally's Park Place, Inc., CA No. 05-5345, 2006 U.S. Dist. LEXIS 37172, *11-*12 (E.D. Pa. June 7, 2006) (listing cases.) The cases relied upon by Plaintiff for the opposite conclusion can be distinguished because in both Garfield v. Homowack Lodge, 378 A.2d 351 (Pa. Super. Ct. 1977), and Busch v. Sea World of Ohio, CA No. 82-0339, 1982 U.S. Dist. LEXIS 13754 (W.D. Pa. June 7, 1982), the defendants had engaged in far more targeted advertising than in this case. In Garfield, the defendant advertised weekly in a Philadelphia newspaper for five years, maintained a toll-free number for Philadelphia area residents to make reservations at Homowack Lodge, and paid Philadelphia area travel agents a referral fee for recommending the resort. Garfield, id. at 353. In Busch, the defendant focused its advertising on the Pittsburgh, Pennsylvania, market through advertising on grocery store shopping bags and coupons, newspapers, local filling station promotions, and extensive radio and television advertising. Busch, id. at *4-*6.

Here, Plaintiff relies primarily on a filing Wheeling submitted to the Securities and Exchange Commission for fiscal year 2006, which states that Defendant

> target[s] markets within a 150-mile radius around Wheeling. . .including the local regional area and the major cities of Cleveland, Akron, Canton, Youngstown and Columbus, Ohio and Washington and Pittsburgh Pennsylvania. Advertising initiatives have been focused on generating awareness and inducing product trials for new customers and the existing player database.

(Plf.'s Reply at 6.)

Plaintiff also points out that Wheeling spent some $6.6 million on marketing and advertising programs in 2004 (id. at 7), but there is no evidence what percentage of this was directed to the Pennsylvania market. As another district court in this Circuit has pointed out, an advertising or other business campaign which aims to sell a particular product, whether it is a tangible item or a service, "cannot be deemed to be purposefully directed at Pennsylvania even if some Pennsylvania residents respond to that campaign." Molnlycke Health Care AB v. Dumex Med. Surgical Prods. Ltd., 64 F. Supp.2d 448, 452 (E.D. Pa. 1999), citing Gehling v. St. George's School of Medicine, Ltd., 773 F.2d 529, 542 (3d Cir. 1985).

Moreover, of the $6.6 million spent for marketing and advertising in 2004, $5.2 million was directed to promotional

15

programs, including rewards for members of Wheeling's Preferred Players' Club. (Plf.'s Reply at 6-7.) Again, there is no evidence as to the number of club members who are Pennsylvania residents, but even if a substantial number were from Pennsylvania, courts are reluctant to find that the percentage of a defendant's total business represented by Pennsylvania contacts is relevant to the question of jurisdiction. Provident Nat'l. Bank, 819 F.2d at 437-438; see also Wims, 759 F. Supp. at 269-270 (the fact that "a substantial number" of the defendant's guests were Pennsylvania residents did not establish substantial and continuous contacts with Pennsylvania), and Davis, 2007 U.S. Dist. LEXIS 94381 at *10 (the fact that 14-17% of loyalty program customers were from Pennsylvania and/or "spent large amounts of money" in the casino was irrelevant to the issue of general personal jurisdiction over the defendant.)

Similarly, we find the fact that some unknown number of Defendant's employees are Pennsylvania residents is irrelevant to the question of general jurisdiction. In evaluating whether personal jurisdiction exists, a court may only consider the actions taken by the defendant individually. See Helicopteros, 466 U.S. 408 at 417 ("Unilateral activity of another party or a third person is not an appropriate consideration when determining whether a defendant has sufficient contacts with a

16

forum state to justify an assertion of jurisdiction.") Surely, where its employees live is not a matter determined by Defendant. In addition, there is no evidence that those employees act as Defendant's agents in the Commonwealth, e.g., soliciting business, promoting the goods and services offered by Defendant, or otherwise acting on Wheeling's behalf.

Defendant concedes that it does have business relationships with a claims management company located in Greensburg, Pennsylvania, and a service workers union headquartered in Canonsburg, Pennsylvania. It is well-established that contracts between a defendant and businesses in the jurisdiction are insufficient, standing alone, to confer general jurisdiction. *See* Helicopteros, 466 U.S. at 409-410 (contracts with Texas corporations to purchase 80% of the helicopters used by the plaintiff, to purchase helicopter parts, and to enter into a joint venture were insufficient to establish jurisdiction because actions taken under these contracts did not rise to the level of systematic and continuous contact with Texas); *see also* Mellon Bank (East) PSFS, N.A. v. DiVeronica Bros., Inc., 983 F.2d 551, 557 (3d Cir. 1993) ("[c]ontracting with a resident of the forum state does not alone justify the exercise of personal jurisdiction over a non-resident defendant"); Romah v. Scully, CA No. 06-698, 2007 U.S. Dist. LEXIS 83835 (W.D. Pa. Nov. 13,

2007) ("the mere existence of a contract, standing alone, does not confer general jurisdiction over a defendant"); and Nationwide Contr. Audit Serv. v. Nat'l Compliance Mgmt. Servs., 622 F. Supp.2d 276, 286 (W.D. Pa. 2008) (where the plaintiff failed to present evidence regarding the formation, duration or other facts related to four contracts between the defendant and Pennsylvania companies, the court was not persuaded that the defendant should be subject to general jurisdiction.)

In sum, we find that Wheeling does not have sufficient substantial and continuous contacts with this forum for the Court to exercise personal jurisdiction over it.

**V. TRANSFER**

"Whenever a civil action is filed in a court. . .and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed." 28 U.S.C. § 1631; *see also* Gehling, 773 F.2d at 544 (conclusion that district court did not have jurisdiction over the defendant did not prevent the court from transferring case to the forum and venue in which it could have originally been brought.) Neither of the parties has requested such a transfer, but we conclude it is within our discretion to do so even in the absence of such a

request. See Chicosky v. Presbyterian Medical Center, 979 F.Supp. 316, 320-323 (D. N.J. 1997), holding that transfer under 28 U.S.C. § 1631 is proper even if the parties did not invoke that provision.

In this case, the interests of justice are better served by transferring this action to the Northern District of West Virginia where the injury to Ms. Junge occurred rather than dismissing it outright. Personal jurisdiction over Wheeling and venue are proper in that court. Moreover, such a transfer will serve the interests of justice because it will eliminate the need for Ms. Junge to incur additional filing costs and will avoid any statute of limitations problems that could arise from an outright dismissal at this point. See Lawman Armor Corp. v. Simon, 319 F. Supp.2d 499, 507 (E.D. Pa. 2004) ("Normally transfer will be in the interest of justice because dismissal of an action that could be brought elsewhere is time-consuming and justice-defeating.") Finally, we express no opinion on Wheeling's argument that the case should be dismissed for lack of subject matter jurisdiction, i.e., the amount in controversy does not meet the statutory minimum required by 28 U.S.C. § 1332, believing that decision is better left to the West Virginia court.

An appropriate Order follows.

November __2__, 2010         _William L. Standish_
                              William L. Standish
                              United States District Judge